IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 24, 2020 Session

## FORCUM-LANNOM, INC. v. SAKE JAPANESE STEAKHOUSE, INC.

**Appeal from the Circuit Court for Dyer County**
**No. 2019-CV-73     R. Lee Moore, Jr., Judge**

_____

### No. W2019-02095-COA-R3-CV

_____

Appellant filed a detainer action against Appellee, seeking possession of commercial property. The lawsuit was premised on Appellant's assertion that Appellee breached the commercial lease, under which it purportedly leased Appellant's property. Appellee, however, is not a party to the lease. As such, the judgment for breach and for back rents entered against Appellee is of no force or effect. Vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and CARMA DENNIS MCGEE, JJ., joined.

Christine A. Coronado and Becky Dykes Bartell, Dyersburg, Tennessee, for the appellant, Forcum-Lannom, Inc.

Vivien Wang, Nashville, Tennessee, for the appellee, Sake Japanese Steakhouse, Inc.

# MEMORANDUM OPINION[1]

On or about May 1, 2014, Appellant Forcum-Lannom, Inc. ("FLI") entered into a commercial lease with Xiaolei Yang and Sake Café Dyersburg, Inc. ("Sake Café"), under which Mr. Yang and Sake Café leased commercial property owned by FLI for use as a restaurant. On or about July 1, 2017, FLI entered into an amended and restated commercial lease (the "Lease"), which is the subject of this lawsuit. The Lease, which is for a five year term (through June 30, 2022), replaced the original lease and provides:

> (a) Xiaolei Yang and Sake Café Dyersburg, Inc. are the two named lessees under that [] Lease Agreement dated as of May 1, 2014, entered into with LESSOR in connection with the leasing of the real estate hereinafter described.
> (b) The parties desire and intend to amend, replace and re-state, in its entirety, the Lease Agreement dated as of May 1, 2014, by the addition of Gangding Wang as a third lessee and as otherwise provided in the terms and conditions hereinafter stated.

The Lease is executed as follows:

---

[1] Tenn. R. Ct. App. 10 states:

This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Sake Café Dyersburg, Inc.

By: _____
Xiaolei Yang, President

_____
Xiaolei Yang, Individually

_____
Gangding Wang, Individually

LESSOR:

FORCUM LANNOM, INC.

By: _____
Sonya Covington, President

Accordingly, the Lessees under the Lease are Mr. Xiaolei Yang, Mr. Gangding Wang, and Sake Café (together with Messrs. Yang and Wang, "Lessees"). Paragraph 8 of the Lease requires Lessees to maintain certain insurance policies "for the joint benefit of Lessor and Lessee." As is relevant to this appeal, Paragraph 8(c) of the Lease provides:

> All of the aforesaid insurance shall be written by one (1) or more responsible insurance companies satisfactory to LESSOR, and shall contain endorsements that such insurance may not be cancelled or amended with respect to LESSOR except upon thirty (30) days written notice by registered mail to LESSOR by the insurance company. LESSEE shall be solely responsible for payment of premiums for such insurance and LESSEE and its insurance company waive all rights to subrogation against LESSOR. In the event LESSEE fails to furnish such insurance or the required certificate thereof, LESSOR may obtain such insurance and the premiums shall be paid by LESSEE upon demand by LESSOR.

Paragraph 14 of the Lease provides:

> If, during the term hereof, LESSEE should . . . neglect to keep and fulfill any of its covenants or agreements herein made . . . and remain in default thereof for a period of fifteen (15) days after receipt of written notice from LESSOR of any such default, LESSOR shall be entitled to immediately enter upon the Premises, take possession of the Property.

Finally, the Lease provides that, "This Lease Agreement contains the entire agreement and understanding of the parties and shall not be modified or amended except by written instrument duly executed by the parties." There is no evidence that the Lease was further modified or amended after July 1, 2017.

> By letter of April 4, 2019, FLI notified Lessees that:

> Although you furnished a certificate of insurance in December, 2018, neither the certificate nor the insurance coverages described therein are compliant with the Agreement. The certificate is deficient as a result of its failure to identify Forcum Lannom, Inc. as a certificate holder and additional insured; and its failure to indicate that the policies of insurance may not be cancelled or amended with respect to the lessor except upon thirty (30) days written notice to the lessor. The insurance coverages provided under policies of insurance issued by the Hamilton Insurance Company are not acceptable as a result of the Hamilton Company not being currently licensed to underwrite insurance in Tennessee.

- 4 -

By letter of April 29, 2019, FLI informed Lessees that:

> Our letter of April 4, 2019, was delivered to Mr. Wang at Sake Japanese Steakhouse at 2495 Lake Road in Dyersburg, Tennessee, on April 6, 2019. The letter was also delivered to Mr. Yang, as registered agent of your corporation, in Lebanon, Tennessee, on April 8, 2019. In spite of the passage of more than twenty (20) days from the date of your receipt of our letter, you have failed and refused to offer any response or to furnish us a proper Certificate of Insurance as specified by the Lease Agreement. You have also failed and refused to furnish us evidence of the required insurance coverages issued by an insuror authorized to underwrite insurance in Tennessee.
>
> As a result of your failures referenced above and your default under the Lease Agreement, Forcum-Lannom, Inc. does terminate the Lease Agreement as of the date hereof. . . . Please know that in the event you fail to timely remove your possessions and property from the leased premises, Forcum-Lannom, Inc., will re-enter the premises, remove your property therefrom, and assess the cost of such removal against you.

Lessees disputed that they were non-compliant with the terms of the Lease and continued to tender rent checks to FLI. FLI maintained its position (as set out in the foregoing letters), refused the rent checks, and filed a Detainer Summons in the General Sessions Court for Dyer County on May 24, 2019. The Detainer Summons was filed by FLI against "Sake Japanese Steakhouse, Inc." FLI's claim for possession was based on the following averments:

> Defendant's initial possession was based on a written lease and the right to possession has now terminated because of Defendant's violation of the Lease Agreement, Section 8, Insurance. Written notice to vacate was given to Defendant(s) on or about April 29, 2019. Plaintiff asks for possession of the property, attorney fees, and all court costs and litigation taxes.

On July 9, 2019, FLI received a judgment for possession against "Sake Japanese Steakhouse, Inc.," and "Sake Japanese Steakhouse, Inc." filed an appeal to the Circuit Court of Dyer County (the "trial court"). The trial court conducted a de novo hearing on September 30, 2019. On October 30, 2019, the trial court entered an order styled:

FORCUM-LANNOM, INC.

Plaintiff,

vs.

SAKE JAPANESE STEAKHOUSE, INC.

Defendant.

Substantively, the trial court's order provides, in relevant part:

This cause came to be heard on the 30th of September. 2019, on the appeal from the General Sessions Court for Dyer County, Tennessee, on a detainer warrant filed by the Plaintiff, Forcum Lannom, Inc., against the Defendant, Sake Japanese Steakhouse, Inc. Based on the testimony presented, statements of counsel and the entire record in this cause the Court finds as follows:

1. The Court finds that there was an amended lease agreement where Forcum-Lannom Inc. leased to Mr. Xoailei Yang and Mr. Gangding Wang property located at 2495 Lake Road, Dyersburg, Tennessee. . . .They operate Sake Cafe Dyersburg, Inc., a Tennessee corporation, at the leased property.

***

9. The Court further finds that while the Defendant has breached the contract, the question is whether or not the breach is material enough to actually cancel the Lease Agreement, which could create a hardship on the Defendant.

***

[T]he Court holds that the Defendant breached the Lease Agreement and that the Plaintiff suffered damages due to the breach; however, the breach is not material enough for a forfeiture.

THEREFORE, the Court hereby orders the Defendant to pay all of the back rent due and owing to Forcum-Lannom and the expenses suffered by the Plaintiff in the amount of $13,367.40.

The Court further Orders that the Lease Agreement between the parties is not cancelled.

- 6 -

FLI appeals and raises two issues for review:

1.  The trial court failed to award FLI possession of the property, despite finding that Sake had breached the parties' Lease Agreement.
2.  The [Appellant is] entitled to recovery of its attorneys' fees on appeal, pursuant to the parties' Lease Agreement.

We do not reach the substantive issues due to a procedural error. Although FLI brought this lawsuit as a detainer action, its right of possession is premised on a breach of the Lease. As set out in context above, in its Detainer Summons, FLI averred that "Defendants' initial possession was based on a written lease and the right to possession has now terminated because of Defendant's violation of the Lease Agreement." The Lessees under the Lease are Messrs. Yang and Wang, and Sake Café. However, FLI brought its suit against "Sake Japanese Steakhouse, Inc.," which is not a party to the Lease. This error was not corrected in the trial court by filing a complaint, and the trial court entered its judgment for breach of contract and back rents against "Sake Japanese Steakhouse, Inc."—this despite the trial court's acknowledgment, in its October 30, 2019 order, that under the Lease, "Forcum-Lannom Inc. leased to Mr. Xoailei Yang and Mr. Gangding Wang property located at 2495 Lake Road, Dyersburg, Tennessee. . . .They operate Sake Cafe Dyersburg, Inc., a Tennessee corporation, at the leased property." Because "Sake Japanese Steakhouse, Inc." is not in privity of contract with FLI, the trial court's finding that "Sake Japanese Steakhouse, Inc." breached the Lease, and its judgment against "Sake Japanese Steakhouse, Inc." for back rents under the Lease is of no force or effect.

For the foregoing reasons, we vacate the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Forcum-Lannom, Inc., for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE